# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
Desiree Arnold,

                              Plaintiff,

     - against -

NYC Health and Hospitals Corp., Sheldon McLeod, Geralda Xavier, Steven Pulitzer, and Nicole Constantine,

                          Defendant(s).
-------------------------------------------------------------------X

**Index No.**

**SUMMONS**

Plaintiff designates the County of Kings as the place of trial.

The basis of venue is CPLR § 503(a)

Plaintiff resides at 172 E 32nd Street Brooklyn, NY 11226.

To the above-named Defendants,

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys Gerstman Schwartz LLP, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       October 28, 2020

                                    Respectfully submitted,

                                    **GERSTMAN SCHWARTZ, LLP**
                                  By: */s/ Randy E. Kleinman*
                                       Randy E. Kleinman, Esq.
                                       1399 Franklin Avenue, Suite 200
                                       Garden City, New York 11530
                                       Tel. No.: (516) 880 – 8170
                                       Eginzberg@GerstmanSchwartz.com
                                       *Attorneys for Plaintiff*

TO:   NYC Health and Hospitals/Kings County
      451 Clarkson Avenue
      Brooklyn, NY 11203

      Sheldon McLeod
      c/o NYC Health and Hospitals/Kings County
      451 Clarkson Avenue
      Brooklyn, NY 11203

      Geralda Xavier
      c/o NYC Health and Hospitals/Kings County
      451 Clarkson Avenue
      Brooklyn, NY 11203

      Steven Pulitzer
      c/o NYC Health and Hospitals/Kings County
      451 Clarkson Avenue
      Brooklyn, NY 11203

      Nicole Constantine
      c/o NYC Health and Hospitals/Kings County
      451 Clarkson Avenue
      Brooklyn, NY 11203

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
Desiree Arnold,

                            Plaintiff(s),

    - against -

NYC Health and Hospitals Corp., Sheldon
McLeod, Geralda Xavier, Steven Pulitzer, and
Nicole Constantine,

                            Defendant(s).
-----------------------------------------------------------X

**Index No.**

**VERIFIED COMPLAINT**

      Plaintiff DESIREE ARNOLD, by her attorneys, Gerstman Schwartz LLP., as and for her Verified Complaint against Defendants, states as follows:

### THE PARTIES

1. At all times relevant hereunder, upon information and belief, Plaintiff Desiree Arnold (hereinafter "Plaintiff" or "Ms. Arnold") held the position of Associate Executive Director for defendant NYC Health and Hospitals Corp., (hereinafter "Defendant" or "NYC H&H.").

2. Plaintiff is an individual residing at 172 E 32nd Street Brooklyn, NY 11226. At all relevant times, Plaintiff met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

3. At all times relevant hereinafter mentioned, Defendant NYC Health and Hospitals Corp. was and still is a public benefit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York.

4. At all times relevant hereto, Defendant Sheldon McLeod (hereinafter "Mr. McLeod") was Plaintiff's supervisor and had supervisory authority over Ms. Arnold. Mr.

McLeod had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.

5. At all times relevant hereto, Defendant Geralda Xavier (hereinafter "Ms. Xavier") was Plaintiff's supervisor and had supervisory authority over Ms. Arnold. Ms. Xavier had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment

6. At all times relevant hereto, Defendant Steven Pulitzer (hereinafter "Mr. Pulitzer") was Plaintiff's supervisor and had supervisory authority over Ms. Arnold. Mr. Pulitzer had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.

7. At all times relevant hereto, Defendant Nicole Constantine (hereinafter "Ms. Constantine") was Plaintiff's supervisor and had supervisory authority over Ms. Arnold. Ms. Constantine had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

8. Defendants NYC H&H, Mr. McLeod, Ms. Xavier, Mr. Pulitzer, and Ms. Constantine shall be referred to herein collectively as ("Defendants").

9. That at all times relevant hereto, Ms. Arnold was an employee of Defendant, holding the position of "Associate Executive Director."

**JURISDICTION AND VENUE**

10. This Court has personal jurisdiction over the Defendants pursuant to C.P.L.R. §§ 301 and 302, because the Defendant is incorporated in New York, licensed to do business in New York and is transacting business in New York.

11. Venue is proper pursuant to §503(a) based on Plaintiff's residence located at 172 E 32nd Street Brooklyn, NY 11226.

## FACTUAL ALLEGATIONS

12. On or about August 3, 2015, Ms. Arnold was hired as a Senior Associate for Risk Management, earning approximately $120,000 annually.

13. From the moment her employment began, Ms. Arnold demonstrated an exemplary work ethic and dedication to her job, which was reflected in her positive performance evaluations.

14. Upon information and belief, within less than two years of Ms. Arnold beginning her employment with NYC H&H, she was promoted to Executive Associate Director. While acting as Executive Associate Director, Ms. Arnold was earning an approximate salary of $160,000. Based on her commendable work ethic, her new position allowed her the opportunity to oversee five departments.

15. Ms. Arnold was employed by NYC H&H for four years until she was wrongfully terminated. Throughout her four-year tenure, Ms. Arnold never received any complaints, issues, or negative evaluations concerning her job performance.

16. Ms. Arnold went well above and beyond the duties outlined for her in her job description. For example, when Defendant Xavier was transitioning to "Chief Quality Officer," Ms. Arnold picked up the slack to ensure that the transition would be as smooth as possible. During this transition, Ms. Arnold performed daily administrative tasks for the Infection Prevention and Control Department in order to aid Defendant Xavier in her transition.

17. Upon information and belief, Ms. Arnold attended bi-weekly meetings with Defendants McLeod and Xavier. During these meetings, Ms. Arnold and the Defendants would discuss agendas, and she would often receive feedback on areas the Defendants wanted

to focus on within the company. However, Ms. Arnold never received anything but praiseworthy reviews regarding her job performance during these meetings.

18. Over the course of her employment, Ms. Arnold served as the Defendants' Senior Cabinet along with the CEO, CFO, CNO, and various company directors.

19. Upon information and belief, Ms. Arnold served as a cabinet member for two years and was publicly recognized for her leadership skills during the NYC Health and Hospitals, Kings County, Triannual Joint Commissions Survey.

20. Despite her outstanding job performance, unfortunately, Ms. Arnold was terminated when she attempted to exercise her rights under the Family and Medical Leave Act ("FMLA").

21. Ms. Arnold has been diagnosed with and treating for cancer for several years, and while working for Defendants, began to develop additional complications as a result of her underlying medical conditions.

22. Consequently, in or about April of 2019, Ms. Arnold's doctor concluded that she needed to take a medical leave from work in order to properly treat her underlying medical conditions.

23. Although Ms. Arnold's FMLA was initially granted from May 2, 2019 until June 10, 2019, she was unlawfully terminated by Defendants during the pendency of her FMLA leave on May 17, 2019.

24. Ms. Arnold was discriminated against for her disability. Her competency, work ability, and job performance were never questioned by the Defendants until Ms. Arnold experienced medical issues stemming from and/or related to her underlying medical

conditions. The Defendants fabricated allegations as a pretextual justification to terminate Ms. Arnold for her medical leave of absence.

25. Ms. Arnold was unlawfully terminated, and her rights were violated under FMLA. As a result, she has suffered loss of her rights, emotional distress, and loss of income and earnings.

26. As a result of the acts and conduct taken by the Defendants, Ms. Arnold has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## FIRST CAUSE OF ACTION

### Violation of the Family and Medical Leave Act

### (As Against All Defendants)

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

28. The Family Medical Leave Act ("FMLA") provides that an employer must reinstate an eligible employee on an approved FMLA leave to said employee's same position, or to an equivalent position, upon the termination of said employee's leave.

29. Defendants were and are a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A). At all times herein relevant, Plaintiff was an eligible employee on an approved FMLA leave for a serious health condition under 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(A), (D).

30. Defendants violated the FMLA by, inter alia, refusing to reinstate Plaintiff to her prior position or an equivalent position, and by terminating her employment shortly after approving her for FMLA Leave.

31. As a direct and proximate result of these Defendants' conduct, Plaintiff has suffered damages in amount equal to 12 weeks of wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i). Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA. Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

32. Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

## SECOND CAUSE OF ACTION

### Violation of the Americans with Disabilities Act Section 296

### (As Against All Defendants)

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

34. The Defendant intentionally discriminated against the Plaintiff when Defendant chose to terminate the Plaintiff, when her disability became an issue for them, in violation of Americans with Disabilities Act § 296 ("ADA").

35. Plaintiff was employed by the Defendant for over four (4) years and throughout her time she did not receive any complaints, reprimands, or negative performance evaluations.

36. The Defendants Sheldon McLeod, Geralda Xavier, Steven Pulitzer, and Nicole Constantine had the power to hire, fire, and alter the terms and conditions of the Plaintiff's employment.

37. The Defendant's actions are a violation of Plaintiff's rights under the ADA because the Defendant's did not make reasonable accommodations for the Plaintiff; rather they chose to terminate her employment based on false accusations of "poor job performance."

38. As a direct and proximate consequence of the Defendants' act and conduct the Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## THIRD CAUSE OF ACTION

### New York State Human Rights Law- Discrimination

### (As Against All Defendants)

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

40. The Defendant's intentionally discriminated against the Plaintiff by terminating her employment because of her disability in violation of New York State Human Rights Law §296 (NYSHRL).

41. The Defendant engaged in unlawful discriminatory practices upon the termination of Plaintiff from her employment because of her disability.

42. Plaintiff was employed by the Defendant for over four (4) years and throughout her time she did not receive any complaints, reprimands, or negative performance evaluations.

43. The Defendants Sheldon McLeod, Geralda Xavier, Steven Pulitzer, and Nicole Constantine had the power to hire, fire, and alter the terms and conditions of the Plaintiff's employment.

44. The Defendant's actions are a violation of Plaintiff's rights under the NYSHRL because the Defendants did not make reasonable accommodations for the Plaintiff; rather, they chose to terminate her employment based on "false accusations" of "poor job performance." As a direct and proximate consequence of the Defendant's act and conduct the Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## FOURTH CAUSE OF ACTION

### New York City Human Rights Law- Discrimination

### (As Against All Defendants)

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

46. The Defendant intentionally discriminated against the Plaintiff by terminating her employment because of her disability in violation of New York City Human Rights Law §8-107 (NYCHRL).

47. The Defendant engaged in unlawful discriminatory practices upon the termination of Plaintiff from her employment because of her disability.

48. Plaintiff was employed by the Defendant for over four (4) years and throughout her time she did not receive any complaints, reprimands, or negative review of her job performance.

49. The Defendants Sheldon McLeod, Geralda Xavier, Steven Pulitzer, and Nicole Constantine had the power to hire, fire, and alter the terms and conditions of the Plaintiff's employment.

The Defendant's actions are a violation of Plaintiff's rights under the NYCHRL because the Defendant's did not make reasonable accommodations for the Plaintiff; rather they chose to terminate her employment based on "false accusations" of "poor job performance," when she was out for reasons pertaining to her disability.

## FIFTH CAUSE OF ACTION

### Title VII- Wrongful termination

### (As Against All Defendants)

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

51. Plaintiff was wrongfully terminated based on her disability when she requested a leave of absence, which she was originally granted by the Defendants under FMLA.

52. Despite never having received any complaints, reprimands, or negative review of her job performance, Defendants terminated Plaintiff because of her disability in violation of Title VII, 42, U.S.C. §2000 *et seq.*

53. As a direct and proximate consequence of the Defendants' intentional and unlawful discriminatory treatment, which led to Plaintiff's wrongful termination, the Plaintiff has suffered and continues to suffer damages, including but not limited to, compensatory damages due to emotional distress and mental anguish.

54. By reason of the discriminatory treatment by Defendant, the Plaintiff is entitled to all damages available to her under Title VII.

## SIXTH CAUSE OF ACTION

### New York State Human Rights Law- Wrongful Termination

### (As Against All Defendants)

55.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though set forth herein.

56.    Plaintiff was wrongfully terminated based on her disability when she requested a leave of absence, which she was originally granted by the Defendants under FMLA.

57.    Despite never having never received receive any complaints, reprimands, or negative review of her job performance, the Defendants terminated Plaintiff because of her disability in violation of New York State Human Rights Law §296 *et seq*.

58.    As a direct and proximate consequence of the Defendants' intentional and unlawful discriminatory treatment, which led to Plaintiff's wrongful termination, the Plaintiff has suffered and continues to suffer damages, including but not limited to, compensatory damages due to emotional distress and mental anguish.

59.    By reason of the discriminatory treatment by Defendant, the Plaintiff is entitled to all damages available to her under New York State Human Rights Law.

## SEVENTH CAUSE OF ACTION

### New York City Human Rights Law- Wrongful Termination

### (As Against All Defendants)

60.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

61.    Plaintiff was wrongfully terminated based on her disability when she requested a leave of absence, which was originally granted by the Defendants under FMLA.

62. Despite never having received any complaints, reprimands, or job performance evaluations, the Defendants terminated Plaintiff because of her disability in violation of New York City Human Rights Law §8-107 *et seq.*

63. As a direct and proximate consequence of the Defendants' intentional and unlawful discriminatory treatment, which led to Plaintiff's wrongful termination, the Plaintiff has suffered and continues to suffer damages, including but not limited to, compensatory damages due to emotional distress and mental anguish.

64. By reason of the discriminatory treatment by Defendants, the Plaintiff is entitled to all damages available to her under New York City Human Rights Law.

## EIGHTH CAUSE OF ACTION

### Violation of the Family Medical Leave Act – Retaliation

### (As Against All Defendants)

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

66. The FMLA also makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises her right to family leave. 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice unlawful by this subchapter.") Plaintiff is an eligible employee under the FMLA.

67. Defendants retaliated against Plaintiff because she exercised her rights under the FMLA by, inter alia, terminating Plaintiff's employment during her approved FMLA leave.

68. As a direct and proximate result of these Defendants' conduct, Plaintiff has suffered special damages in an amount equal to 12 weeks of wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i). Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA. Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

69. Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

**WHEREFORE,** the Plaintiff DESIREE ARNOLD, upon all of the facts, allegations, and causes of action as set forth and alleged herein, respectfully requests that this Court:

A. Grant judgment against Defendants as to each and every cause of action herein alleged;

B. Grant judgment declaring that the actions and practices of Defendants violated the Plaintiff's civil rights under each cause of action alleged herein and enjoining such violations;

C. Grant an order awarding Plaintiffs damages in an amount to be determined at trial, together with interest and the costs and disbursements of this action, plus reasonable attorney's fees, punitive damages sufficient to punish and deter the continuation of Defendant's unlawful employment practices, as well as, any other damages permitted to be recovered by laws pursuant to the above causes of action; and

Grant any such further relief as the Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  Garden City, New York
        October 28, 2020

                                          Respectfully submitted,

                                          **GERSTMAN SCHWARTZ, LLP**
                                          By:  */s/ Randy E. Kleinman*
                                                 Randy E. Kleinman, Esq.
                                                 1399 Franklin Avenue, Suite 200
                                                 Garden City, New York 11530
                                                 Tel. No.: (516) 880 – 8170
                                                 Rkleinman@GerstmanSchwartz.com
                                                 *Attorneys for Plaintiff*

## **VERIFICATION**

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

_Desiree Arnold_ being duly sworn says:

That deponent is the Plaintiff in the annexed Verified Complaint and has read the foregoing Complaint and knows the contents thereof, and that the same is true to my knowledge, except as to those matters stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

_____
Desiree Arnold

Sworn to before me this
26th day of October, 2020

_____
Notary Public

BRENT A. CHAPMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CH6394929
Qualified in Nassau County
Commission Expires July 15, 20 23